## SMITH v. HAINES.

The enactment of the Revised Statutes did not affect pending proceedings, and a judgment of the court of common pleas on a petition pending at the time they took effect, under Laws of 1830, *title* 95, *s.* 3, is evidence, but not conclusive, of the line established by it.

WRIT OF ENTRY, to recover one undivided half of certain lands in Jackson and Chatham. The defendant disclaimed all that part of the demanded premises lying westerly of the present town line of Chatham, and pleaded the general issue as to the balance. Facts found by a referee. A question arose as to the effect of an adjudication, in the court of common pleas in said county, upon the location of the line between Chatham on one side and Bartlett and Jackson on the other, where Chatham was petitioner and Bartlett and Jackson petitionees. The defendant claimed that the judgment rendered in that proceeding was conclusive upon the rights of all parties. The referee so ruled, and the plaintiff excepted. Other facts appear in the opinion.

*Ray, Drew & Heywood*, for the plaintiff.

*Copeland*, for the defendant.

BINGHAM, J. The petition was filed in September, 1842, and entered in court at the next October term, and being continued from term to term, judgment was rendered at the May term, 1847. The Revised Statutes took effect March 2, 1843, at which time the petition was pending, and the effect of the judgment depends upon the statute

in force at the time the proceeding was commenced. It is provided in the chapter enacting the Revised Statutes, that pending suits and proceedings shall not be affected thereby. Rev. St., *c.* 230, *s.* 5. But if it were not for this provision, we do not think that, under the construction given like statutes in this state, Rev. St., *c.* 37, *s.* 6, was intended to have a retrospective action. *Morrison* v. *Annis,* 48 N. H. 286, and the authorities cited on p. 290.

The statutes in force at the time of the commencement of the proceeding provided that the judgment of the court should be of the same force and effect as would have been an agreement of the selectmen of the towns. Laws of 1830, *title* 95, *ss.* 1, 3. An agreement of the selectmen under these sections would have been competent evidence to be considered in the location of the line, but not conclusive. *Lawrence* v. *Haynes,* 5 N. H. 33 ; *Pitman* v. *Albany,* 34 N. H. 580 ; *Hanson* v. *Russell,* 28 N. H. 116. The referee erred in holding the adjudication of 1847 to be conclusive evidence of the location of the line.

*Case discharged.*

STANLEY, J., did not sit.